CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 28, 2013

LETTER TO ALL COUNSEL

    Re: *Nicole Long v. Commissioner of Social Security*
       Civil No. SAG-12-2407

Dear Counsel:

On August 14, 2012, Nicole Long petitioned this Court to review the Social Security Administration's denial of her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 19). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Ms. Long's motion. This letter explains my rationale.

Ms. Long applied for benefits on January 5, 2009, alleging a disability onset date of March 31, 2007. (Tr. 137-41). Her claim was denied initially on April 29, 2009, and on reconsideration on December 21, 2009. (Tr. 59-66, 71-72). A hearing was held on October 1, 2010, before an Administrative Law Judge ("ALJ"). (Tr. 26-54). Following the hearing, on December 21, 2010, the ALJ issued an opinion denying benefits. (Tr. 10-25). Because the Appeals Council denied Ms. Long's request for review, (Tr. 1-5), the ALJ's decision is the final, reviewable decision of the agency.

The ALJ evaluated Ms. Long's claim using the five-step sequential process for claims involving SSI, as set forth in 20 CFR § 416.920. At step two, the ALJ found that Ms. Long suffered from severe impairments including low back pain, headaches, obesity, attention deficit hyperactivity disorder, developmental arithmetic disorder, bipolar disorder and substance abuse. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Long had retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is limited to unskilled work, work that is repetitive in nature and involves routine, general goals vs. production rate goals, occasional interaction with others, few if any changes in work setting and work that is solitary in nature.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ found that Ms. Long could perform jobs that exist in significant numbers in the local and national economies,

and that she was therefore not disabled during the relevant time frame. (Tr. 19-20).

Ms. Long asserts several arguments in support of her appeal. While I agree with Ms. Long that certain sections of the ALJ's opinion would have been better if they contained additional explanation, ultimately, Ms. Long's arguments lack merit and the ALJ's opinion is supported by substantial evidence.

First, Ms. Long contends that the ALJ failed to discuss the GAF score determined by consultative examiner Dr. Hirsch. However, GAF scores do not govern an ALJ's analysis. "[A] GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings." *Melgarejo v. Astrue,* No. JKS 08-3140, 2009 WL 5030706, at *2 (D. Md. Dec.15, 2009) (citing *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed. Reg. 50746, 50764–65 (Aug. 21, 2000)). The ALJ's failure to evaluate Dr. Hirsch's assigned GAF score therefore does not warrant remand. Moreover, the VE's testimony that the GAF score "indicates that Dr. Hirsch believes that this individual would not be able to perform any substantial gainful activity[,]" (Tr. 52), constitutes a medical conclusion outside the purview of a VE's expertise. *See Johnson v. Califano*, 434 F.Supp. 302, 310 (D. Md. 1977) (noting that "the purpose of a [VE's] testimony is to demonstrate a claimant's vocational, as opposed to medical, capacity to perform certain jobs.") The ALJ therefore did not err in failing to consider that portion of the VE's testimony.

While the ALJ certainly could have provided express analysis of Dr. Hirsch's evaluation, it is clear that the ALJ incorporated at least one of the diagnoses from Dr. Hirsch's report, "arithmetic developmental disorder," into his opinion. (Tr. 15, 368). Dr. Hirsch's suggestion that another individual be responsible for handling Ms. Long's benefits, if awarded, is also not relevant to the determination whether she is capable of performing substantial gainful employment. (Tr. 368). An ability to manage finances is not required for simple, unskilled job tasks.

Ms. Long's suggestion that the ALJ's limitation to solitary work is inconsistent with his finding of only mild limitations in social functioning is flawed. The general categorization of limitations as "mild," "moderate," or "marked" does not translate precisely into any particular RFC restrictions in a given case. Moreover, to the extent that the ALJ included an unnecessary RFC restriction, the fact that jobs still existed even with the unnecessary restriction suggests that elimination of that restriction would result in the same outcome.

Ms. Long's next argument is that the ALJ's hypothetical to the VE did not track the opinion of state agency consultant Dr. Boyer, or any other medical source. In making that contention, however, Ms. Long relies on Dr. Boyer's categorization of her impairments as "mild" or "moderate."[1] Those categories are relevant to the step three listing analysis of the

---

[1] At step three, the ALJ did find only mild difficulties in maintaining concentration, persistence,

Paragraph B criteria for mental health listings. They are not directly material to an RFC or a hypothetical question, which should be presented in terms of practical, work-related restrictions.

Ms. Long contends that the ALJ should have assigned weight to the opinion of her treating counselor, Ms. Wells-Lay. Sources that are not medical doctors are considered "other sources." While ALJs are required to consider evidence from other sources, such as Ms. Wells-Lay, such sources cannot give medical opinions or be entitled to controlling weight. *See* SSR 06-03p, 2006 WL 2329939, at *2. Under those governing principles, the ALJ adequately considered Ms. Wells-Lay's opinion. Although assigning the opinion "no weight," the ALJ noted that Ms. Wells-Lay's concerns regarding public interaction and work stressors were addressed by the limitations he included in the RFC. (Tr. 19).

Ms. Long complains about the ALJ's repeated reference to her noncompliance with medical recommendations, citing her inability to afford medication and treatment. Pl. Mot. 8-9. The ALJ did not rely on noncompliance to make his determination about her condition. Instead, the ALJ noted that even with noncompliance, Ms. Long's symptoms did not preclude work. *See, e.g.,* (Tr. 18) ("[I]n November 2009 the claimant reported that she was sleeping well and the claimant's mood was noted to be fair. The claimant was noted to be noncompliant with treatment.") The ALJ further cited several records that noted Ms. Long was looking for work, and treating records, which "indicate[d] the claimant has some limitations but no indication the claimant is not capable of working." (Tr. 18-19). Because the ALJ did not rely on noncompliance to support either an adverse credibility determination or a finding of no disability, I do not find any improper failure to consider Ms. Long's financial circumstances.

Ultimately, the ALJ's evaluation of Ms. Long's mental health complaints is supported by substantial evidence: namely, evidence of her improvement while on medication and the treatment records showing that she has certain limitations but retains the ability to work. (Tr. 18-19). As a result, remand is unwarranted.

Finally, Ms. Long contends that the ALJ should have obtained her prior SSI application for childhood benefits, to establish whether she met the listing (12.05) for severe mental retardation. The obligation to provide medical evidence belongs to the claimant, not the ALJ. *See* 20 C.F.R. § 404.1512(c)-(d). As the ALJ noted, "there are no records to indicate the claimant has testing to consider a 12.05 argument." (Tr. 19). Moreover, the record reflects that Ms. Long's application for childhood benefits was denied (Tr. 151), and the consultative examiner specifically found, in his recent examination, that Ms. Long exhibited no signs of mental retardation. (Tr. 366). Because Listing 12.05 requires certain IQ test results, and because Ms. Long did not meet her burden to produce any such evidence, the ALJ did not err.

---

or pace, while Dr. Boyer found moderate difficulties in the same category. (Tr. 16, 383). Even if that finding were erroneous, the error would be harmless because no listing would be met absent findings of marked limitations in at least one category. *See* Listing 12.00 (Mental Disorders).

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 19) and DENIES Ms. Long's Motion for Summary Judgment (ECF No. 16). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge
